**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| OUT OF POCKET TRUCKING, LLC, | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO. _____ |
| OWNER-OPERATOR SERVICES, INC., et al., | * |
| Defendants. | * |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Owner-Operator Services, Inc. hereby removes to this Court the state-court action described in paragraph 1 below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

## I.    INTRODUCTION

1. The Plaintiff initiated this action on February 20, 2020 with the filing of its Complaint styled *Out of Pocket Trucking, LLC v. Owner-Operator Services, Inc., et al.,* Case No. CV-2020-900011 in the Circuit Court of Choctaw County, Alabama. The documents attached hereto as Exhibit A constitute all of the records and pleadings from this action in state court pursuant to 28 U.S.C. § 1446(a). (Exhibit A).

2. This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court by this Defendant in accordance with the provisions of 28 U.S.C. § 1441 *et seq.* in that it is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the sole defendant is of completely diverse citizenship to the plaintiff.

1

3.     In its Complaint, Plaintiff claims to seek an amount of compensatory and punitive damages from Defendant in an amount purportedly not to exceed $74,000.00 as a result of the accident, which is the subject of this lawsuit, based on Counts for: I) Breach of Contract; II) Bad Faith Denial of a Compensable Claim; and III) Fraud, Misrepresentation, and Deceit. (Exhibit A, Plaintiff's Complaint).  However, for the reasons discussed below, Plaintiff's attempt to establish an amount in controversy below the jurisdictional minimum of this Court is not indicative of the true amount in controversy in this action. Because the actual amount in controversy is in excess of $75,000.00, this Court has specific jurisdiction over Plaintiff's asserted claims.

4.     Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division within which the removed state-court action was pending.  Because the Complaint was filed and currently is pending in the Circuit Court of Choctaw County, Alabama, this District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

## II.     PARTIES

5.     Plaintiff, Out-of-Pocket Trucking, LLC, is an Alabama Limited Liability Company (Complaint, ¶ 1); (Exhibit C, Alabama Secretary of State printout regarding Out-of-Pocket Trucking, LLC).

6.     Defendant, Owner-Operator Services, Inc. is, a Missouri corporation with its principal place of business in Grand Valley, Missouri. (Exhibit D, Affidavit of Rod Nofziger, Chief Operating Officer of Owner-Operator Services, Inc. with attached Missouri Secretary of State printout).

### III.    CLAIMS

7. Plaintiff's Complaint sets forth the following Counts:

   a. Count I: Breach of Contract

   b. Count II: Bad Faith Denial of a Compensable Claim

   c. Count III: Fraud, Misrepresentation and Deceit

### IV.    REMOVAL IS TIMELY FILED AND PROCEDURALLY PROPER

8. On February 24, 2020, the Summons and Complaint were served upon Defendant, Owner-Operated Services, Inc. (Exhibit B, Return of Service). When removability is evident from the initial pleading, a notice of removal must be filed by a defendant within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). Because Defendant Owner-Operator Services, Inc. was served on February 24, 2020, Defendant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

9. The Circuit Court of Choctaw County is being notified of this Removal. (See attached copy of Notice of Filing of Notice of Removal, Exhibit F).

### V.    THE SERVED DEFENDANT CONSENTS TO THIS REMOVAL

10. Defendant, Owner-Operator Services, Inc., is the only named defendant in this action; therefore, there is no requirement for consent to the removal of this action from any other defendant(s).

### VI.    SUBJECT MATTER JURISDICTION

11. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. District courts have "original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different

States." Defendant moves pursuant to 28 U.S.C. § 1446(b)(1) based on Plaintiff's initial Complaint and additional evidence as the bases for its Removal as to the amount in controversy. As outlined in more detail below, this case meets both of those requirements.

### A.   *Diversity Exists Between Plaintiff and Defendants*

12.     By way of admission in Plaintiff's Complaint, Plaintiff, Out-Of-Pocket Trucking, LLC, is and was at all times relevant to this action "a corporate entity conducting business within the State of Alabama," and thus, is an "Alabama citizen" for purposes of diversity jurisdiction. (Exhibit A, Plaintiff's Complaint, ¶ 1); (Exhibit C, Alabama Secretary of State printout regarding Out-of-Pocket Trucking, LLC).

13.     Defendant, Owner-Operator Services, Inc., is and was at all times relevant to this action, a foreign company organized under the laws of the State of Missouri with its principal place of business in the State of Missouri. (Exhibit D, Affidavit of Rod Nofziger, Chief Operating Officer of Owner-Operator Services, Inc. with attached Missouri Secretary of State printout). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Owner-Operator Services, Inc. is incorporated under the laws of the State of Missouri, and headquartered in Missouri; thus, Owner-Operator Services, Inc. is a "Missouri citizen" for purposes of diversity jurisdiction. See *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").

### B.   *Fictitious Defendants*

14.     The citizenship of the remaining defendants, fictitious defendants "A, B, and C," should be disregarded for purposes of determining diversity.  28 U.S.C. §1441(a).

15. There is, therefore, complete diversity of citizenship between Plaintiff and Defendant.

### C. *The Amount in Controversy Exceeds this Court's Jurisdictional Threshold.*

16. In the instant case, Plaintiff claims in its Complaint to seek an amount of compensatory and punitive damages from defendants in an amount purportedly not to exceed $74,000.00 as a result of the accident which is the subject of this lawsuit, based on Counts for: I) Breach of Contract; II) Bad Faith Denial of a Compensable Claim; and III) Fraud, Misrepresentation, and Deceit. (Exhibit A, Plaintiff's Complaint). However, as this Court recently acknowledged in an opinion denying the plaintiff's motion to remand, "the district court is not bound the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Krikorian v. Ford Motor Company*, 2019 U.S. Dist. LEXIS 193916, at *4 (S.D. Ala., Nov. 6, 2019)[1] (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citing in turn, *Pretka v. Kolter Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)). Moreover, the evidence received by Defendant to date clearly indicates that the true amount in controversy in this action to exceed $75,000.00.

17. It is well-settled that a federal district court, in determining a case's amount in controversy, must examine the Plaintiff's Complaint. *Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). In the case at bar Plaintiff's Complaint does not specify a total amount of damages sought. According to Eleventh Circuit case law, when a plaintiff does not specify a monetary amount of damages in a complaint, a defendant bears the burden to prove merely "by a **preponderance of the evidence** that the amount in

---

[1] The Magistrate Judge's Recommendation cited herein was adopted by the Court in *Krikorian v. Ford Motor Co.*, 2019 U.S. Dist. LEXIS 219034 (S.D. Ala., Dec. 20, 2019).

controversy more likely than not exceeds the…jurisdictional amount." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emph. added). See also, *Roe*, 613 F.3d at 1061 (11th Cir. 2010) ("If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy **more likely than not** exceeds the …jurisdictional requirement.'" (emph. added) (ellipses in original) (quoting *Tapscott*, at 1357).

18. In reviewing an amount in controversy, the Eleventh Circuit has also held that district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-62. Additionally, the court "…need not suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount. *Id.* at 1062. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*; see also, *Krikorian*, *supra*, at *5 (quoting *Roe*).

19. Further, pursuant to 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional limit of the state court. *Dart Cherokee basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court determined whether in a removal case, a defendant was required to include evidence indicating the amount in controversy exceeded the jurisdictional limit of the state court. The Court noted that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. The Court's ruling in *Dart Cherokee* relaxes the burden on the defendant to prove by a preponderance of the evidence that the amount in controversy more likely than not

exceeds the $75,000 limit.

20. Moreover, in *Steel v. Underwriters Adjusting Co.*, the United States District Court for Middle District of Alabama considered with the removal of a state court claim when the plaintiff asked for an unspecified amount of punitive damages. *Steel v. Underwriters Adjusting Co.,* 649 F. Supp. 1414 (M.D. Ala. 1986). The *Steel* Court reasoned that allowing a plaintiff to avoid federal jurisdiction by claiming unspecified damages would violate the court's notions of procedural fair play, and stated, *Id.* at 1416:

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff **should not be allowed to deprive a defendant of his right to remove through artful pleading practices . . .** (emphasis added).
>
> The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cake and eat it too." In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for a jury to return a verdict well in excess of [the statutory amount.] Such an approach is simply unfair and will not be permitted by this court.

*Id.* at 1416. (emphasis added)

21. The United States District Court for the Northern District of Alabama reviewed the propriety of removal of an action which did not contain a specific *ad damnum* in the complaint in *Kilpatrick v. Eby Construction Co., Inc.,* 708 F. Supp. 1241 (N.D. Ala. 1989). The Court found that a complaint not seeking a sum specific, would yield to allegations of a jurisdictional limit in the Notice of Removal. *Id.* at 1242. See also *Tapscott*, 77 F.3d 1353, 1356-1358 (11th Cir. 1996).

22. The Eleventh Circuit further noted in *Pretka*, *supra*, that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about

7

it." 608 F.3d at 754; see also *Green v. Wal-Mart Stores East, L.P.,* 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages…Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Cas. Co.,* 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (holding plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court…").

23.     In *Hardy v. Jim Walter Homes*, 2007 U.S. Dist. LEXIS 47758 (S.D. Ala. June 28, 2007) (quoting 28 U.S.C. § 1332(a)), as in the instant case, the defendant removed the action to federal court on the grounds of diversity jurisdiction, arguing the amount in controversy was satisfied, notwithstanding Plaintiffs' express limitation of their damages claims to $74,000. *Id* at *2. Defendant argued (1) the pecuniary consequence of a judgment in favor of Plaintiffs would be well-over $75,000; (2) the value of Plaintiffs' damages claims should be aggregated for jurisdictional purposes; and (3) the $74,000 cap set forth in the complaint constituted fraudulent pleading of jurisdictional facts to avoid removal. *Id*.

24.     As a preliminary matter, the *Hardy* Court noted the following deference it gives to the amount pled or prayed for in a plaintiff's complaint for jurisdictional purposes, and set the following standard for a defendant wishing to remove:

8

> If a defendant removes the case to federal court, notwithstanding the plaintiff's specific pleading of damages below the jurisdictional minimum, then in order to avoid remand, the defendant must prove to a legal certainty that plaintiff's claim must exceed the jurisdictional amount. Thus, to secure a federal forum, a removing defendant must establish that 'an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $75,000.

*Hardy*, at *3 (internal quotations and citations omitted).

25.  Where a defendant argues the satisfaction of the amount in controversy notwithstanding the plaintiff's limitation of damages on the face of the complaint, the court "may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

26.  In the instant case, the evidence of the amount in controversy exceeding $75,000 is the March 10, 2020, letter from Plaintiff's counsel, itemizing a limited amount of damages known to date, and also advising of other damages, the amount of which, heretofore, is either unknown or undisclosed. (Exhibit E). This letter, though not a specific offer of resolution, is akin to a "demand letter" for purposes of negotiating a resolution of Plaintiff's claims. Eleventh Circuit precedent holds: "The amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000, but 'it counts for something.'" *Jones v. Marriott International, Inc.*, 2018 WL 2320947 (S.D. Ala. May 22, 2018) (quoting *Burns, supra*, at 1097.

27.  "On the other hand, settlement offers that provide 'specific information…to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight. *Standridge v. Wal-Mart Stores, Inc.*, 945 F.Supp. 252, 256-57 (N.D. Ga. 1996) (citing *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F.Supp. 1368 (M.D. Ala. 1998)).

28. Plaintiff's March 10, 2020, letter constitutes, or is very much akin to a settlement offer "provid[ing] specific information to support [the plaintiff's] claim for damages" in that it itemizes, with particularity, Plaintiff's alleged damages and the monetary value of each, stating:

> "The following is an itemization of damages: Amount to be paid for load: $1,170.00, Wrecker towing recovery fee: $7,386.48, Wrecker Transloading fee: $1,500.00, Freight for Transfer, returning shipment to shipper: $1,575.00, Driver to transport load: $365.00, 5 Damaged rolls on shipment: $24,180.00. This is a total amount [sic] $36,176.48."

(Exhibit E).

29. In addition to those itemized damages specified in Plaintiff's letter, Plaintiff also alleges damages for down time for the repair of damages to truck by manufacturer…" [sic], the monetary amount of which is either unknown or undisclosed. (Exhibit E).

30. Moreover, Plaintiff's Complaint does not limit its claim for damages just to the compensatory damages specified in Plaintiff's letter; Plaintiff also makes a claim under two (2) of its three (3) counts for punitive damages of an unspecified amount. Plaintiff asserts claims of bad faith (Count II) and fraud, misrepresentation, and deceit (Count III), which both allow for the recovery of punitive damages under Alabama law. In paragraph 7(e), Plaintiff claims "…all damages to which he is entitled by law." *See*, *Affiliated FM Ins. Co. v. Stephens Enters.*, Ala. (1994) (affirming award of punitive damages on insured-plaintiff's bad faith failure to pay insurance claim against insurer); *Reserve Nat'l Ins. Co. v. Crowell*, 614 So.2d 1005, 1012 (Ala. 1993) ("Punitive damages may be awarded for willful or intentional fraud, pursuant to [Ala. Code] § 6-11-20.").

31. Plaintiff's claim for punitive damages goes directly toward the amount in controversy for purposes of diversity jurisdiction. "[I]n determining the jurisdictional amount in controversy in diversity cases, punitive damages **must** be considered…unless it is apparent to a

legal certainty that such cannot be recovered." *Blackwell v. Great Am. Fin. Res.*, Inc. 620 F.Supp. 1289, 1290 (N.D. Ala., June 3, 2009) (emph. added); *Chastang v. Metropolitan Life Ins. Co.*, 1996 U.S. Dist. LEXIS 22265 (S.D. Ala., March 7, 1996) ("[T]he court now concludes that it is appropriate to aggregate plaintiffs' claims for punitive damages in order to determine the amount in controversy."). Here, Alabama law allows for the recovery of punitive damages under Counts II and III of Plaintiff's Complaint.

32. As there is no specified amount of punitive damages sought in Plaintiff's Complaint, this Court is authorized to apply its judicial experience and common sense to determine whether Plaintiff's claim for punitive damages, in conjunction with those special damages discussed above, yields an amount in controversy in excess of $75,000. In *Rowe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010), the Court recognized that "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removal." *Id.* at 1062. In doing so, "a district court need not suspend reality or shelve common sense in determining whether the face of a Complaint…establishes the jurisdictional amount." *Id.* (internal citations omitted)(ellipsis in original). The Eleventh Circuit "found no case in other circuits that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a Complaint facially establish the jurisdictionally required amount in controversy." *Id.* at 1063. The *Rowe* Court cautioned that:

> A plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way but did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim.  Plaintiffs skilled in this form of artful pleading could, with this trick, simply make federal jurisdiction disappear. **Indeed, if courts were to rely solely on a plaintiff's damage statements, …, it is difficult to imagine a punitive damages suit that could be removed against a plaintiff's wishes**.  Both policy

>and precedent counsel against rewarding such obfuscating tactics. Thus, when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount in controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongfully be denied the removal to which it is entitled.

*Id.* at 1064 (emph. added).

33. In utilizing judicial experience and common sense, this Court should find that, based on Plaintiff's contentions, including, claims for bad faith, and fraud, misrepresentation and deceit, that the amount in controversy is anticipated to easily exceed $75,000.

34. Alabama statutory law provides that the general limit on an award of punitive damages is "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is **greater**." *Ala. Code.* (1975), § 6-11-21(a). Defendant does not suggest Plaintiff will seek a recovery of $500,000 in punitive damages in this action (though it cannot confirm to the contrary either), but § 6-11-21(a) reveals the potential for Plaintiff's recovery of punitive damages to yield a total amount in controversy far beyond $75,000 when considered in addition to the compensatory damages discussed previously herein.

35. Precedent within the Eleventh Circuit has combined Alabama's statutory law on the limits of recoverable punitive damages with the use of "judicial experience and common sense" to determine that a request for punitive damages, in relation to the compensatory damages in issue, tips the scales of the amount in controversy to exceed $75,000.

36. In *Blackwell*, *supra*, the Northern District of Alabama considered whether the amount in controversy exceeded $75,000 where the compensatory damages sought by the plaintiff were $23,172.28, and the plaintiff also sought an unspecified amount in punitive damages. *Blackwell*, 620 F.Supp. at 1290. The Court determined that "it is the constitutionally-permissible

limits of punitive damages in a particular case that are used to compute the jurisdictional amount-in-controversy requirement." *Id.* (citing *Gavin v. AT & T Corp.*, 464 F.3d 634, 640-41 (7th Cir. 2006) (analyzing removal jurisdiction as a function of the constitutionally-permissible maximum punitive-damages award where the compensatory damages claimed were themselves insufficient to create jurisdiction); *Register v. Rus of Auburn*, 193 F.Supp. 2d 1273 (M.D. Ala. 2002) ("same"); *Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F.Supp. 2d 1319 (N.D. Ala. 2001) ("same")).

37. In *Blackwell*, the Court further defined what the "constitutionally-permissible" recovery of punitive damages should be for purposes of determining the amount in controversy for purposes of diversity jurisdiction:

> "When the punitive damages claims for what 'may be awarded' are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum. **Such an amount for punitive damages is uncontroversially within the limits of the Due Process Clause**."

*Id.* at 1291 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996)).

38. Thus, the Court determined, a reasonable anticipated recovery of punitive damages is more than double the amount of compensatory damages. And, when the aggregate of that punitive damage recovery and the recovery of the compensatory damages is $75,000 or greater, the Court may reasonably conclude that the amount in controversy is satisfied for diversity jurisdiction:

> "The compensatory damages claimed in the First Amended Complaint for the surrender charges total $23,172.28. That amount alone constitutes approximately one third of the jurisdictional minimum. When the punitive damages claims for what 'may be awarded' are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of slightly

13

more than double the compensatory damages is uncontroversially within the limits of the Due Process Clause."

*Id.* at 1291.

39. The *Blackwell* Court held that since the compensatory damages at issue ($23,172.28) would constitutionally be anticipated to yield a punitive damages award of at least $51,827.72 (slightly more than double the compensatory damages amount), the amount in controversy was at least $75,000, and the Court had diversity jurisdiction over the plaintiff's claims. *Id.*; see also, *Krikorian*, *supra*, at 15-16 (wherein this Court acknowledged that "[t]he Alabama Supreme Court, on multiple occasions, has 'held that a single digit multiplier of punitive damages to compensatory damages is constitutionally permitted in most instances," and applied a single-digit multiplier of **nine (9)** to the plaintiff's compensatory damages to note that the aggregate amount "would satisfy § 1332(a)'s amount in controversy.") (quoting *CNH Am., LLC v. Kigon Capital, LLC,* 160 So.3d 1195, 1214 n.5 (Ala. 2013)).

40. In the instant case, the Court's task of determining whether the "compensatory plus punitive" amount exceeds $75,000, is even simpler. Plaintiff's recoverable compensatory damages are *at least* $36,176.48, an amount which, by Plaintiff's own admission, does not include damages for "down time for the repair of damages to truck by manufacturer." (Exhibit E). This amount is significantly more than the compensatory damages in dispute in *Blackwell*. In accordance with *Blackwell*, this Court is authorized to anticipate the "constitutionally permissible" amount of punitive damages that double the amount of compensatory damages—a lesser proportion than that which was used in the *Blackwell* Court's calculation. Based on the Plaintiff's own calculation of compensatory damages known to date, it is reasonable to anticipate a punitive damages recovery based on the misconduct alleged in Plaintiff's Complaint of $72,352.96 in its amount-in-

controversy analysis. In conjunction with Plaintiff's calculation of certain compensatory damages, this punitive damages recovery would yield a total recovery of $108,529.44.

41. Accordingly, this Court is presented with facts and evidence which make it even *more* compelling to determine the requisite amount in controversy than the Court deemed sufficient in *Blackwell*.

42. Accordingly, Defendant has shown the jurisdictional amount in controversy has been met, to a legally permissible certainty.

43. For these reasons, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### VII.   ALL PROCEDURAL REQUIREMENTS ARE COMPLETED

44. A copy of all process, pleadings and other papers served on or received by Defendant is attached hereto as Exhibit A. The Circuit Court of Choctaw County is being notified of this Removal.  (See attached copy of Notice of Filing of Notice of Removal, Exhibit F.)

45. To the extent applicable, Defendant Owner-Operator Services, Inc. requests and reserves the right to take discovery and submit further evidence in opposition to a motion to remand, if necessary, and requests and reserves the right to amend and supplement this Notice of Removal should the Court deem additional information necessary regarding any issue.

WHEREFORE, PREMISES CONSIDERED, Defendant Owner-Operator Services, Inc. prays that this Honorable Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the Circuit Court of Choctaw County, Alabama.

        /s/Cowin Knowles
        COWIN KNOWLES (KNO007)
        Attorney for Defendant
        Owner-Operator Services, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
P.O. Box 2148
Montgomery, AL  36102-2148
(334) 387-7680
cknowles@ball-ball.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Jefferson Utsey, Esq.
Utsey & Utsey
P. O. Box 615
Butler, AL  36904

        /s/ Cowin Knowles
        OF COUNSEL